UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. : 3:09-cv-30107-MAP

SECURITIES AND EXCHANGE COMMISSION,  )
                                     )
            Plaintiff,               )
                                     )
v.                                   )
                                     )
CARL E. BINETTE and                  )
PETER E. TALBOT,                     )
                                     )
            Defendants.              )
                                     )
_____)

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT PETER E. TALBOT

The Securities and Exchange Commission having filed a complaint, and Defendant Peter E. Talbot having: entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Talbot admits); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

### SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND EXCHANGE ACT RULE 10b-5

**IT IS ORDERED AND ADJUDGED** that Talbot and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5, by

using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

### DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Talbot shall pay disgorgement of ill-gotten gains, if any, prejudgment interest thereon, and a civil penalty pursuant to Section 21A of the Exchange Act, 15 U.S.C. § 78u-1. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from June 1, 2008, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or a civil penalty, and at any hearing held on such a motion: (a) Talbot will be precluded from arguing that he did not violate the federal securities laws as alleged in the complaint; (b) Talbot may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards

for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or a civil penalty, the parties may take discovery, including discovery from appropriate non-parties.

### III.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent filed herewith is incorporated herein with the same force and effect as if fully set forth herein, and that Talbot shall comply with all of the undertakings and agreements set forth therein.

### IV.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: Feb. 25, 2010

THE HONORABLE MICHAEL J. PONSOR
UNITED STATES DISTRICT JUDGE